UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

ENIER GUERRA,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## THE HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Defendant, THE HOME DEPOT U.S.A., INC., ("Home Depot"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-026264-CA-01, with full reservation of rights, exceptions, and defenses, and states in support thereof:

### I.    BACKGROUND

1. On or about December 8, 2020, ENIER GUERRA, ("Plaintiff"), commenced the instant action by filing a Complaint in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Complaint attached as **Exhibit "A."**

2. The Complaint was served on Home Depot on or about January 26, 2021. *See* Return of Service attached as **Exhibit "B."**

3. Plaintiff asserts generally that Home Depot maintained its premises in a negligent manner, resulting in Plaintiff's alleged incident. *See* **Ex. "A."**

4. The Complaint also generally alleges that this is an action for damages exceeding $30,000.00 exclusive of costs and interest. *Id.* at ¶ 1.

5. On July 22, 2020, Plaintiff provided his Demand with medical bills and records related to treatment Plaintiff received related to the subject incident. Plaintiff's medical bills totaled Eighty-Seven Thousand Three Hundred and Twenty-Five Dollars and Nine Cents. ($87,325.09). Plaintiff's demand is for Two-Hundred and Fifty Thousand Dollars and Zero Cents. ($250,000.00).[1]

6. This matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Home Depot attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida together with a docket sheet from the Clerk of the Court. *See* State Court Filings attached as **Exhibit "C."**

8. Home Depot reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(b)(3), Home Depot files this Notice of Removal within thirty (30) days of the date that the matter became removable.

---

[1] The medical records and demand referenced are not attached to this Notice to prevent any sensitive medical information from entering the public domain. These records will be made available to the Court upon request.

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

10. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial Circuit Court in and for Miami-Dade County is located in the City of Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

14. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A. Citizenship of HOME DEPOT U.S.A., INC.

15. Home Depot U.S.A., Inc. is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a "resident" of Georgia and Delaware.

16. Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

17. Home Depot U.S.A., Inc., at the time the Complaint was filed and currently, is a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware.

18. The principal place of business for Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, Atlanta, Georgia.

19.     At no time material has Home Depot U.S.A., Inc., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, and Detail by Entity Name attached as **Exhibit "D."**

### B.    Citizenship of the Plaintiff, Enier Guerra

20.     Plaintiff, Enier Guerra, was at all times material to this action a resident of Miami-Dade County, Florida. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

21.     Here, Plaintiff alleges he is a resident of Miami-Dade County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Miami-Dade County, Florida, residence is prima facie evidence of his domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

### IV.    AMOUNT IN CONTROVERSY

22.     The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's medical records and demand that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical records received from the plaintiff); *see also Alshakanbeh v. Food Lion, LLC,* No.

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746 at **7-8 (M.D. Fla. March 23, 2007) (Used past and future medical costs to determine the amount in controversy exceeded $75,000.00); *Mirras v. Time Insurance Co.*, 578 F.Supp.2d 1351 (M.D. Fla. 2008) (Considered past medical expenses to determine the amount in controversy)

23. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

24. Specifically, as of July 22, 2020, the Plaintiff's past medical bills total $87,325.09. *See* fn. 1.

25. Further, Plaintiff demands $250,000.00 from Home Depot as a result of the alleged incident in his Complaint. *See* fn. 1

26. Plaintiffs alleged actual damages and cost of future medical care conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly

established the amount in controversy by addressing information received from Plaintiff's demand package. *Katz,* 2009 WL 1532129 at 4.

27.     Accordingly, Home Depot has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V.     **CONCLUSION**

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Home Depot will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, HOME DEPOT U.S.A, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No. 2020-026264-CA-01 be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Home Depot is entitled.

Dated: February 26, 2021

Respectfully submitted,

*/s/Jennifer Miller Brooks*
Jennifer Miller, Esq.
Florida Bar No.: 12465
jmiller@hamiltonmillerlaw.com
Zachary Doniger, Esq.
Florida Bar No.:   1010218
zdoniger@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Defendant*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 26, 2021 the foregoing document is being filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Filings.

*/s/ Jennifer Miller Brooks*
Jennifer Miller, Esq.

## SERVICE LIST

H. Joshua Diamond, Esquire
Florida Bar No.: 121096
DIAMOND LAW, P.A.
90 Almeria Avenue
Suite #202
Coral Gables, Florida 33134
Tel. (305) 444-1701
Fax: (305) 444-1644
E-mail: pleadings@diamondlawfl.com