"Exhibit A"

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

ENIER GUERRA,

   Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

   Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, ENIER GUERRA, by and through the undersigned counsel, and hereby sues the Defendant, HOME DEPOT U.S.A., INC., and all allegations being of fact extant at all times pertinent hereto— alleges that:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars and otherwise within the jurisdiction of this Court.

2. Plaintiff ENIER GUERRA (hereinafter "GUERRA"), at all times material hereto, was and is a resident of Miami-Dade County, Florida, over the age of eighteen (18) years, and otherwise sui juris.

3. Defendant HOME DEPOT U.S.A., INC. (hereinafter "HOME DEPOT"), at all times material hereto, was and is a foreign profit corporation conducting business in Miami-Dade County, Florida, engaged in the business of selling home improvement products and supplies to members of the general public, such as Plaintiff, through retail stores and otherwise.

4. On or about May 29, 2018, GUERRA was a customer and business invitee lawfully within Defendant HOME DEPOT's West Dade store, HOME DEPOT Store # 206, located at or about 11305 SW 40th Street in Miami, Miami-Dade County, Florida.

5. At said time and place, GUERRA was standing in Defendant's store's loading area near a pallet of stacked concrete block when a HOME DEPOT employee, agent and/or ostensible agent physically bumped, moved, shifted or otherwise physically interacted with the stacked concrete block on the pallet, causing a block to fall from the pallet and onto GUERRA's foot.

6. As a direct and proximate result of the incident, as described above, GUERRA sustained very serious and permanent injuries.

7. GUERRA has complied with all conditions precedent to bringing this action or such conditions have been waived.

## COUNT I
## NEGLIGENCE CLAIM AGAINST HOME DEPOT U.S.A., INC.

8. Plaintiff realleges and reavers paragraphs 1-7 as if specifically set forth herein.

9. HOME DEPOT owned, operated, managed and/or controlled the subject premises which included the loading areas of the store.

10. GUERRA was legally on HOME DEPOT's premises as a customer and business invitee and was conducting himself in a reasonable and prudent manner with due regard for his own safety.

11. GUERRA was standing next to a pallet of concrete block in the loading area of HOME DEPOT's store on the above premises when suddenly and without warning a HOME DEPOT employee, agent and/or ostensible agent physically bumped, moved, shifted or otherwise

physically interacted with the stacked concrete block on the pallet, causing a block to fall from the pallet and onto GUERRA's foot.

12. HOME DEPOT undertook and owed a duty to exercise reasonable care and maintain its loading area, store and premises in a reasonably safe condition so that it did not pose an unreasonable risk of harm to those legally on the premises, including GUERRA, to supervise and provide a reasonably safe environment for those legally on the premises, including GUERRA, and to provide reasonably adequate warning to those legally on the premises, including GUERRA, with regard to any hazardous condition existing on its premises.

13. At the time and place of the occurrence, as described above, HOME DEPOT, by and through its employees, agents, apparent agents and/or ostensible agents, negligently breached its duty of care by and through the following acts and omissions:

    a. failing to maintain its premises in a reasonably safe condition;

    b. creating a zone of risk to the public, and specifically GUERRA, by permitting customers into areas of the property which were unsafe and/or where employees and agents were performing hazardous work, and created an unreasonable risk of harm;

    c. creating a zone of risk by failing to conduct loading/delivering concrete block on its property to its customers in a reasonably safe and prudent manner;

    d. creating a zone of risk by failing to implement reasonably safe and prudent procedures for the loading/delivery of purchased concrete block and/or failing to ensure such procedures were adhered to and enforced;

e. failing to warn Plaintiff of the hazard created by its employee/agent's method of loading/delivery of concrete block, and of the hazard created by the employee's use of this method of loading/delivery while in close proximity to GUERRA's person;

f. failing to warn GUERRA of the hazard created by Defendant's employee/agent's method of loading and of danger and risks associated with being within the store's loading bay during loading, through inadequate use of warnings, signs, markings and/or barriers.

14. As a direct and proximate result of HOME DEPOT's above-described negligent conduct, HOME DEPOT's employee or agent, while loading concrete block from the store's loading area onto GUERRA's vehicle, physically interacted with a pallet of stacked concrete block in such a manner that a concrete block fell from the stack and onto GUERRA's foot.

15. As a result, GUERRA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant HOME DEPOT in an amount in excess of $30,000.00, plus taxable costs of this action, and further demand trial by jury of all issues so triable as a matter of right.

## COUNT II
### VICARIOUS LIABILITY AGAINST HOME DEPOT U.S.A., INC.

19. The Plaintiff realleges and reavers paragraphs 1-11 as if specifically set forth herein.

20. At said time and place, the above-described at-fault HOME DEPOT employee/agent was a HOME DEPOT employee/agent acting within the course and scope of his employment/agency and subject to HOME DEPOT's right to control.

21. At said time and place, that employee/agent was acting, and committed the negligent acts described above, in the interests of HOME DEPOT, was doing something reasonably incidental to his employment/agency with HOME DEPOT and was in course and scope of his employment/agency with HOME DEPOT.

22. As a result, HOME DEPOT is vicariously responsible for any and all injuries and damages caused by the negligence of its employee/agent pursuant to the doctrine of *respondeat superior*.

23. As a result of the negligence of the above-described HOME DEPOT employee/agent, Plaintiff suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment against the Defendant HOME DEPOT in an amount in excess of $30,000.00, plus taxable costs of this action, and further demands trial by jury of all issues so triable as a matter of right.

DATED this 8th day of December, 2020.

             DIAMOND LAW, P.A.
             90 Almeria Avenue
             Suite 202
             Coral Gables, Florida 33134
             Phone: (305) 444-1701
             Fax: (305) 444-1644
             Email: pleadings@diamondlawfl.com
             Secondary Email: jd@diamondlawfl.com

             BY: _____
             H. JOSHUA DIAMOND, ESQ.
             Fla. Bar No.: 121096